STUART S. HEALY, III
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY  82001
(307) 772-2124

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **EFRAIN MEDINA-TALAMANTES,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Civil No. 13-CV-9-J** |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | **Criminal No. 10CR236-13-J** |
| | ) | |
| Respondent. | ) | |

**UNITED STATES' RESPONSE TO THE DEFENDANT'S
MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

On January 9, 2013, the Defendant/Petitioner Efrain Medina-Talamantes (Defendant) filed a motion under 28 U.S.C. § 2255, seeking to set aside or vacate his conviction on the basis that his attorney failed to file a direct appeal on his behalf.  For the reasons outlined below, the Defendant's motion must be denied.

## BACKGROUND[1]

Efrain Medina-Talamantes ("Defendant") was indicted on January 12, 2011, and charged with conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) (Cr. Doc. 141). On April 11, 2011, the Defendant signed a written plea agreement that was filed with the court (Cr. Doc. 321). Under the plea agreement, the Defendant agreed to plead guilty to a lesser included charge of conspiracy to possess with the intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B) (*Id.*).[2] The plea agreement contained the following language addressing the Defendant's waiver of his right to appeal:

**WAIVER OF APPEAL:**

11.   The Defendant waives his right to appeal the sentence he receives as a result of this Plea Agreement. However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. 3742(b), the Defendant is released from his waiver.

(*Id.*).

On April 21, 2011, the Defendant appeared before the district court for a change of plea hearing (COP Transcript, 4/21/11 [COP Trans.]). The district court first made sure that the Defendant understood that he had taken an oath to speak truthfully, and that his answers could be

---

[1] Citations to district court record filings will be to the relevant document's number in the Clerk's PACER Docket Report; *i.e.,* the superseding indictment is Doc. 141. Citations to the 10th Circuit PACER Docket Report will be referred to by the date of filing.

[2] A certified Spanish language interpreter assisted the court and the Defendant during the change of plea and sentencing hearing (COP Trans. at 2 and Sent. Trans. at 2).

used against him in a further prosecution for perjury (COP Trans. at 4-5). The district court next insured that the Defendant was not under the influence of any drugs, pills, medications or suffered from any mental condition that would adversely affect his ability to understand the change of plea proceedings (COP Trans. at 6). The district court also affirmed that the Defendant had discussed his case with his attorney and that he was satisfied with the work that his attorney had done on his behalf (COP Trans. at 7).

During the colloquy, the Defendant advised the district court that he had voluntarily signed the plea agreement that had been filed with the court (COP Trans. at 7). The Defendant stated that a Spanish language interpreter had translated the plea agreement for him, that he was satisfied that he understood the plea agreement, and that he had discussed the plea agreement with his attorney (COP Trans. at 7-8).

The district court next made sure that the Defendant understood that the court was not bound by the recommendations contained in the plea agreement (COP Trans. at 8). The district court advised the Defendant that the court was responsible for imposing the sentence, that the sentence may be different from the one recommended in the plea agreement, and that the Defendant would not be allowed to withdraw his guilty plea simply because he did not like the sentence imposed by the court (COP Trans. at 8). The Defendant stated that he understood (*Id.*). The Defendant further acknowledged that no one was forcing or threatening him to get him to plead guilty, and that he was pleading guilty because he was, in fact, guilty (COP Trans. at 8-9).

The district court covered with the Defendant his waiver of the right to appeal his sentence. In that regard, the following colloquy occurred:

| | |
|---|---|
| Court: | I am advised that there is a waiver of appeal in the Plea Agreement in your case. It is my understanding that the Tenth Circuit Court of Appeals located in Denver, Colorado, holds people to that waiver. In other words, if you attempted to appeal, it would be my advice to you that you would not be allowed to proceed with that appeal. And as I understand at this time, that only applies to the sentence imposed in this matter. Is that correct? |
| Defense Counsel: | Correct, Your Honor. |
| Court: | And does not prohibit him from seeking relief under Title 28 United States Code Section 2255? |
| Defense Counsel: | That's my understanding. |
| Government: | Yes, Your Honor, that's correct. |
| Court: | Except that he might have difficulty doing that since he would not have exhausted his remedies. Do you have any questions so far about things I have discussed with you? |
| The Defendant: | No, sir. |

(COP Trans. at 13).

Later in the hearing, the Defendant pled guilty to the drug conspiracy charge and provided the district court with a factual basis to support his guilty plea (COP Trans. at 18-21). The district court determined that the Defendant was competent to enter a plea, that the plea was knowingly and voluntarily made, that the Defendant was represented by competent counsel, and that a factual basis existed to support the plea (COP Trans. at 21-22). The district court accepted the Defendant's plea, adjudged him guilty of the offense, and order that a pre-sentence report be prepared (*Id.*).

On August 1, 2011, the Defendant appeared before the district court for sentencing (Sentencing Transcript, 8/1/11 [Sent. Trans.], Cr. Doc. 454, 456). During the sentencing

hearing–after addressing the Defendant's objections to a two-level gun enhancement and a claim that his criminal history was over-represented–the court found that Defendant's total offense level was 27, with a category III criminal history, yielding a guideline range of 87-108 months (*Id.* at 60-61). The district court thereafter sentenced the Defendant to 87 months imprisonment, followed by four years of supervised release (*Id.* at 74). At no time, either prior to or during sentencing, did the Defendant ever file a "motion to reopen" (or to withdraw) his previously entered plea of guilty.

The district court entered its judgment and sentence on August 4, 2011 (Cr. Doc. at 456). The Defendant filed a notice of appeal on August 18, 2011 (Cr. Doc. at 470). In his notice of appeal, the Defendant (represented by a new attorney[3]) stated that he was appealing "from the order denying Defendant's 'Motion to Reopen Conviction' and final judgment of conviction and sentencing entered in this action on the 18th day of July, 2011 (*sic*)." The Defendant's statement in his notice of appeal was confusing because the Defendant never filed any "motion to reopen conviction" as alleged in the notice of appeal. On November 2, 2011, the government received the docketing statement filed with the district court. In his docketing statement the Defendant repeated the same erroneous reference to the non-existent order denying his "motion to reopen" stating he wanted to appeal:

1. Whether it was clear error for the District Court Judge to deny the Appellant's Motion to Reopen? and,

2. Was it an abuse of discretion for the District Court Judge to deny the Appellant's Motion to Reopen.

---

[3]The record is unclear as to how this new lawyer came to be involved in the Defendant's case.

The Defendant asserted in his docketing statement that his appeal would involve a review of the "sentence" imposed under 18 U.S.C. 3742(a) and (b). Later, on December 21, 2011, the Defendant filed a motion to dismiss his appeal "without prejudice" (10th Cir. Docket, Motion filed 12-21-11). As grounds for his motion, newly retained defense counsel stated that:

> The Appellants counsel was retained on an emergency basis to file the appeal before the deadline for filing an appeal passed. Upon review of the facts of this case, counsel has informed the Appellant that the appeal is premature and the Appellant needs to seek further relief at the trial level.
>
> Wherefore, the Appellant moves to dismiss this appeal without prejudice to re-file an appeal at a later date, should attempts to obtain relief at the trial court level prove fruitless.

(10th Cir. Docket, Motion filed 12-21-11).

The 10th Circuit denied this motion for three reasons:

> First, the motion does not comply with the content requirements of 10th Cir. R. 46.3(B). Second, the motion does not comply with 10th Cir. R. 27.3(C). Third, this court does not dismiss appeals without prejudice. Any voluntary dismissal of an appeal extinguishes any appeal rights that exist at that time.

(10th Cir. Docket, Order filed 12-22-11).

The government then filed a motion asking the Court to enforce the appeal waiver (10th Cir. Docket, Motion filed 1-24-12). The Defendant responded, stating that he did not object to the government's motion, that he did not wish to pursue his appeal any further and did not object to a dismissal of the appeal with prejudice (10th Cir. Docket, Motion filed 2-8-12). After consideration of the government's motion and the Defendant's response, the 10th Circuit entered an order finding that (1) this appeal is within the scope of Mr. Medina-Talamantes appellate waiver; (2) he knowingly

and voluntarily waived his appellate right; and (3) enforcing the waiver would not result in a miscarriage of justice." (10th Cir. Docket, Order filed 3-5-12).

Thereafter, on January 9, 2013, the Defendant filed the instant motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In his motion, the Defendant asserts, in a conclusory fashion, that he was provided with ineffective assistance of counsel because his lawyer failed to file a timely notice of appeal. However, as is obvious from the above facts, this is inaccurate and his notice of appeal was in fact filed. Therefore his motion must be denied.

## ARGUMENT

In cases involving a failure-to-appeal issue, the governing standard in measuring effectiveness of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). There, the Supreme Court held that criminal defendants have a right to "reasonably effective" legal assistance, which is only unmet if "(1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant, *Id.* at 687, 694; *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000), *quoting Washington v. Strickland*, 466 U.S. at 687-78, 694. In *Flores-Ortega*, the Court held this same standard applies to "claims that counsel was constitutionally ineffective for failing to file a notice of appeal." *Id.* at 476.

In *Flores-Ortega*, the Court cited its previous opinions–*Rodriguez v. United States,* 395 U.S. 327 (1969) and *Peguero v. United States*, 526 U.S. 23 (1999)–for the proposition that counsel who "disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega*, 395 U.S. at 476. *See also United States v. Snitz*,

342 F.3d 1154, 1155-57 (10th Cir. 2003) (when a specific instruction to appeal is ignored, the presumption of prejudice is not overcome by lack of merit of stated appeal issues).

In a case where it is clear that a defendant had unequivocally requested that his attorney file an appeal on his behalf and the attorney had for whatever reason failed to do so, there is no doubt that the defendant would have established ineffective assistance of counsel, or that the district court's obligation would be simply to reinstate the defendant's appeal rights. *Roe v. Flores-Ortega*, 528 U.S. at 477-78; *United States v. Garrett*, 402 F.3d 1262, 1265 (10th Cir. 2005). Moreover, that rule applies even in cases, such as here, where a defendant had knowingly and voluntarily waived his appeal rights as part of his plea agreement. *Garrett*, 402 F.3d at 1266-67.

The Defendant alleges in his motion that he requested his court appointed counsel to file an appeal directly after his sentencing. And, while he is technically correct that his court appointed counsel did not file a notice of appeal, another lawyer, apparently privately retained by the Defendant, did file a notice of appeal within the allotted time. The Defendant was not, as he alleges, "abandoned in the appeal process" (Deft. Mot. at 4). The 10th Circuit reviewed his case and found, using the criteria offered in *United States v. Hahn,* 359 F.3d 1315 (10th Cir. 2004),[4] that the Defendant had voluntarily waived his right to a direct appeal and thereafter dismissed his appeal (10th

---

[4] In *Hahn*, this court adopted a "three prong analysis" to determine whether an appellate waiver is enforceable. "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein." *Hahn*, 359 F.3d at 1325.

Cir. Docket, Order filed 3-5-12). There is simply no ineffectiveness on the part of either defense counsel and his claim must accordingly be rejected.

## **CONCLUSION**

The record in this case unambiguously demonstrates that the Defendant is not entitled to any relief on his § 2255 motion and for the reasons outlined above, the Defendant's § 2255 motion must be denied.

**DATED** this <u>1st</u> day of March, 2013.

>Respectfully submitted,
>
>CHRISTOPHER A. CROFTS
>United States Attorney
>
>
>By:   */s/ Stuart S. Healy, III*
>       STUART S. HEALY, III
>       Assistant United States Attorney

**CERTIFICATE OF SERVICE**

This is to certify that on this 1st day of March, 2013, I served a true and correct copy of the foregoing **United States' Response to the Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255** upon the following by depositing the same, postage prepaid, in the United States mail, addressed to:

**EFRAIN MEDINA-TALAMANTES**
**#11842-091**
FCI-McDowell
P.O. Box 1009
Welch, WV 24801

    /s/ *Vaughna Warburton*
UNITED STATES ATTORNEY'S OFFICE